**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KEITH MURPH,**

    **Plaintiff,**

v.                                         **Case No:**

**GTE FEDERAL CREDIT UNION
D/B/A GTE FINANCIAL**,         **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **KEITH MURPH** ("Mr. Murph" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **GTE FEDERAL CREDIT UNION d/b/a GTE FINANCIAL** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et. seq.* ("EFTA"), by charging Mr. Murph's personal bank account without his authorization.

2. This action also arises out of an alleged Debt and Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such alleged Debt by misrepresenting the legal right to charge Mr. Murph's bank account without his authorization, which can reasonably be expected to harass Mr. Murph.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **1** of **7**

### *Jurisdiction and Venue*

3. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the EFTA pursuant to 28 U.S.C. § 1331.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1693 *et seq.*, as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

5. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

6. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

### *Parties*

7. Plaintiff, Mr. Murph, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

8. At all times material hereto, Defendant was and is a credit union with its headquarters located at 711 E. Henderson Ave., Tampa, FL 33602.

### *Statements of Fact*

9. Mr. Murph opened a personal loan account with Defendant in Mr. Murph's name that was assigned a unique account number ("Account").

10. Sometime thereafter, Mr. Murph encountered financial difficulties and fell behind on his payments towards the Account and incurred an alleged outstanding balance owed thereunder ("Debt").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **2** of **7**

11. On or around September 21, 2019, Mr. Murph spoke to Defendant and notified Defendant that he anticipated filing for bankruptcy, was represented by counsel with respect to the debt, and demanded that Defendant stop withdrawing automatic payments from his personal bank account ("Mr. Murph's Bank Account").

12. In that same conversation, Mr. Murph provided his attorney's name and contact information to Defendant.

13. On October 19, 2019, despite Mr. Murph's notification to Defendant that it did not have his authorization to withdraw payments from his Bank Account, Defendant withdrew $180.47 from Mr. Murph's Bank Account without Mr. Murph's authorization.

14. In response to the unauthorized withdrawal from his Bank Account, Mr. Murph spoke with Defendant and again demanded Defendant stop taking withdrawals from his Bank Account for the purpose of paying the Debt.

15. Defendant represented to Mr. Murph that it could not stop the withdrawals from Mr. Murph's Bank Account without a bankruptcy case number and refused to refund Mr. Murph's money.

16. On November 19, 2019, despite not having Mr. Murph's authorization to withdraw payments from Mr. Murph's Bank Account, Defendant withdrew $180.47 from Mr. Murph's Bank Account for the second time.

17. On December 19, 2019, despite not having Mr. Murph's authorization to withdraw payments from Mr. Murph's Bank Account, Defendant withdrew $180.47 from Mr. Murph's Bank Account for the third time.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **3** of **7**

18. On January 21, 2020, despite not having Mr. Murph's authorization to withdraw payments from Mr. Murph's Bank Account, Defendant withdrew $180.47 from Mr. Murph's Bank Account for the fourth time.

19. On February 19, 2020, despite not having Mr. Murph's authorization to withdraw payments from Mr. Murph's Bank Account, Defendant withdrew $180.47 from Mr. Murph's Bank Account for the fifth time.

20. All of Defendant's withdrawals from Mr. Murph's Bank Account were completed in an attempt to collect the Debt.

21. Defendant has harassed Mr. Murph by withdrawing $902.35 from Mr. Murph's Bank Account when Defendant knew that Mr. Murph did not authorize Defendant to withdraw such payments from Mr. Murph's Bank Account.

### *Count 1: Violation of the Electronic Funds Transfer Act ("EFTA")*

22. Plaintiff re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. Defendant violated the EFTA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1693e(a) by initiating five electronic fund transfers out of Mr. Murph's Bank Account without Mr. Murph's authorization.

24. As a result of the above violations of the EFTA, Mr. Murph has been subjected to illegal electronic fund transfers for which he has been damaged.

25. Defendant's actions have damaged Mr. Murph by causing him anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **4** of **7**

26. Defendant's actions have damaged Mr. Murph by causing him stress.

27. Defendant's actions have damaged Mr. Murph by causing him to lose sleep.

28. Defendant's actions have damaged Mr. Murph by being an annoyance.

29. Defendant's actions have damaged Mr. Murph by causing him aggravation.

30. It has been necessary for Mr. Murph to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

31. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1693m(a)(2)(A);

b. Awarding actual damages in the amount equal to the unauthorized amounts directly withdrawn from Plaintiffs' personal bank account as provided by 15 U.S.C. § 1693m (a)(1);

c. Awarding costs and attorneys' fees as provided by 15 U.S.C. § 1693m (a)(3);

d. Ordering an injunction preventing further violations by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

32. Mr. Murph re-alleges paragraphs 1-21 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **5** of **7**

33. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by engaging in conduct reasonably expected to harass Mr. Murph by withdrawing $902.35 from Mr. Murph's Bank Account after Mr. Murph notified Defendant that such actions were not authorized.

   b. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to initiate five electronic fund transfers out of Mr. Murph's Bank Account without Mr. Murph's authorization, when no such legal right existed.

34. As a result of the above violations of the FCCPA, Mr. Murph has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

35. Defendant's actions have damaged Mr. Murph by causing him anxiety.

36. Defendant's actions have damaged Mr. Murph by causing him stress.

37. Defendant's actions have damaged Mr. Murph by causing him to lose sleep.

38. Defendant's actions have damaged Mr. Murph by being an annoyance.

39. Defendant's actions have damaged Mr. Murph by causing him aggravation.

40. It has been necessary for Mr. Murph to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

41. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **6** of **7**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, Keith Murph, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 26, 2020**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Murph v. GTE Federal Credit Union d/b/a GTE Financial.*
Page **7** of **7**